

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 19, 1939

Mr. J. L. Massie
County Auditor, Wilbarger County
Vernon, Texas

Dear Mr. Massie:

> Opinion No. 0-56 -A
> Re: Whether county liable for
> telephone, stationery, postage,
> premiums on bonds of precinct
> officers on fee basis.
> Whether County Commissioners'
> official bonds paid by counties.
> Whether precinct officers may be
> paid ex-officio compensation.

On January 5 you wrote us for our opinion on several matters, and on January 13 we mailed you our opinion construing Article 1055, C.C.P., and purported amendments thereto.

You propounded three additional questions. We shall state them as follows:

1. In Wilbarger County, in which all precinct officers are on the fee basis, is the county liable to pay telephone, stationery, postage and premiums on bonds of such precinct officers?

2. Is the county liable for, or may the premiums on official bonds of County Commissioners be paid by the county?

3. May Wilbarger County pay an ex-officio salary to precinct officers when such ex-officio and fees do not exceed the maximum provided under the law?

Article 3899, R.C.S., as amended, supplies the answer to the first question. The pertinent parts are as follows:

"At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds .... and other necessary expenses .... The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer. ....."

Therefore, it is our opinion the county is not liable to pay any of the items included in the question.

In answer to the second question, you are respectfully advised that the county is unauthorized to pay the premium on official bonds for the members of the Commissioners' Court. The reason for this statement is the fact that the Commissioners' Court has only such authority as is expressly granted by law, or is necessarily implied from the expressed grant.

The County Commissioners do not come within the provisions of the Officer's Salary Law, whereby such character of expense could be legally charged as an expense of office.

This Department has consistently and over a long period of time maintained this opinion.

With reference to the third question listed, you are advised that Article 3895 R.C.S., as amended, provides for ex-officio compensation to county officials when the compensation and excess fees do not exceed the maximum provided under the fee bill. The question naturally arises whether justices of the peace or constables are county officials within the meaning of the statute. During the administration of former Attorney General Cureton an opinion was written holding them to be such officers, citing numerous authorities. See Article 5, Sec. 24, Constitution

Mr. J. L. Massie, January 19, 1939, Page 3

of Texas; Hendricks v. State, 49 S.W. 705; Kimbrough v. Barnett, 55 S.W. 120. That departmental ruling was adhered to in Conference Opinion No. 2753, written in 1926 by Assistant Attorney General H. Grady Chandler. We agree with the conclusion reached in each of these opinions.

Therefore, we are of the opinion the third question above should be answered in the affirmative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY     (Signed: Benjamin Woodall)

Assistant

BW:RS:erc

APPROVED:
(Signed: Gerald C. Mann)
ATTORNEY GENERAL OF TEXAS